J-A02031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.L.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| E.L.W. | : | |
| | : | |
| Appellant | : | No. 553 MDA 2018 |

Appeal from the Order Entered March 8, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2016-CV--01388

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                           **FILED APRIL 18, 2019**

Appellant E.L.W. appeals from the order granting Appellee C.L.W.'s petition to extend a protection order pursuant to the Protection From Abuse (PFA) Act, 23 Pa.C.S. §§ 6101-6122.  Appellant argues that the trial court erred in granting the extension because (1) Appellee was seeking "a tactical tool" in marital and business disputes and the order deprived Appellant of his property rights in his business, (2) the order was based on insufficient evidence, and (3) Appellant was precluded from cross-examining Appellee about her financial motivations for seeking an extension of the PFA order.  We affirm.

We adopt the trial court's facts and procedural history.  **See** Trial Ct. Op., 6/7/18, at 1-11.  Appellant filed a Pa.R.A.P. 1925(b) statement raising fourteen errors complained of on appeal.  In its Pa.R.A.P. 1925(a) opinion, the trial court distilled Appellant's claims into five main issues.

On appeal, Appellant raises the following questions for our review:

1. Did the trial court err in issuing/extending the PFA order against Appellant where Appellee sought the same as a tactical tool in marital litigation to resolve business disputes between the parties and their employees, and granting the same such that it excluded Appellant from his business thereby subjecting him to property interest deprivations that are not expressly permitted, authorized or otherwise sanctioned by the Act?

2. Did the trial court err in finding sufficient evidence that Appellant's conduct and contact with Appellee constituted harassment, abuse or continuing abuse which put Appellee in reasonable fear of imminent serious bodily injury or was otherwise an appropriate basis for issuing/extending a PFA order under the Act?

3. Did the trial court err in its evidentiary ruling[,] which precluded Appellant from cross-examining Appellee as to whether she had paid profit distributions to Appellant since the onset of the PFA order to establish Appellee's profit motive for seeking the same to resolve an ongoing business dispute with Appellant?

Appellant's Brief at 8. Of the five issues addressed by the trial court, Appellant has abandoned his claim that the trial court improperly admitted written exhibits presented by Appellee at the hearing. *See Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (stating, "[w]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief" (citation omitted)). Additionally, Appellant has combined his issues regarding Appellee's motives for seeking an extension of the PFA order and the deprivation of his property interest into a single question on appeal.

Following our review of the record, the parties' briefs, and the well-reasoned opinion of the trial court, we affirm on the basis of the trial court's analysis of Appellant's issues on appeal. *See* Trial Ct. Op. at 11-18. Specifically, we find that the trial court properly concluded that Appellee sought PFA relief based on a genuine fear of Appellant, and not as a "tactical tool in marital litigation" or as a means of settling a business dispute, and that Appellant was not unlawfully deprived of his property interest in the parties' daycare center. *See id.* at 16-18. We also agree with the trial court that based on "the gravity of the original threats giving rise to the original PFA order and [Appellant's] pattern of conduct since that time, the record was entirely sufficient in proving by a preponderance of the evidence that he poses a continued risk of harm to [Appellee], warranting extension of the PFA." *Id.* at 10-16. Finally, we agree with the trial court that Appellant's third claim lacks merit because the court "specifically ruled . . . that counsel **was permitted** to ask [Appellee] about her motivation [] for seeking a PFA extension," and that Appellee's answers indicated that she was genuinely fearful of Appellant. *Id.* at 16-17.

Order affirmed.

J-A02031-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/18/2019

- 4 -